# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

BILLY QUARLES, : PRISONER CIVIL RIGHTS
GDC NO. 358043, : 42 U.S.C. § 1983
    Plaintiff, :
 : CIVIL ACTION NO.
v. : 1:09-CV-2735-MHS-GGB
 :
MICHELLE MORGAN; :
JACQUELINE L. SMALLWOOD; :
and SUSAN P. BARTIS, :
    Defendants. :

## ORDER AND OPINION

Plaintiff has submitted this twice amended pro se civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II.     Plaintiff's Allegations

Plaintiff, currently confined at Phillips State Prison in Buford, Georgia, states that, on October 17, 2007, he was diagnosed with a tongue lesion while confined at Rogers State Prison in Reidsville, Georgia. (Doc. 7, second amended complaint at ¶ IV.) Rogers State Prison is located in the United States District Court for the Southern District of Georgia, Brunswick Division. Because Rogers State Prison did not have the necessary medical facilities for diagnosing and treating Plaintiff, he was sent to Augusta State Medical Prison in Grovetown, Georgia. (Id.) Augusta State Medical Prison is located in the United States District Court for the Southern District of Georgia, Augusta Division. Plaintiff does not state when he was sent to the medical prison. Plaintiff does allege that, "[d]ue to the indifference of Utilization Management, . . . [he] missed numerous scheduled appointments." (Id.) Consequently, the diagnosis and treatment of his condition was delayed. (Id.) Plaintiff has named Utilization Managers Jacqueline L. Smallwood[1] and Susan P. Bartis as Defendants. (Doc. 5, first amended complaint at ¶ IV.) However, Plaintiff fails to state at which prison these

---

[1] In his initial complaint, Plaintiff named Jacqueline Small as a Defendant. (Doc. 1.) Plaintiff's first amended complaint states that her last name is Smallwood. (Doc. 5.) This Court considers the amended complaint to be a correction.

3

Defendants are employed or which Defendant caused which appointment to be missed.

Apparently, Plaintiff was diagnosed with having a cancerous lesion on his tongue. (Doc. 7 at ¶ IV.) Plaintiff states that the medical prison did not have the facilities for treating him. (Id.) Therefore, Defendant Bartis had Plaintiff taken to one of the Grady Clinics in metropolitan Atlanta for a laryngoscopy and a biopsy. (Id.) Presumably, Plaintiff was also transferred to Phillips State Prison at this time.

In addition to Defendants Bartis and Smallwood, Plaintiff has named Michelle Morgan, who heads the Georgia Department of Corrections medical services, as a Defendant. (Doc. 5 at ¶ IV.) Plaintiff alleges that as a result of Defendants' indifference, (1) his condition was "exasperated" by the constant traveling, (2) he had personal property lost or stolen while traveling, and (3) he endured unnecessary pain and suffering. (Doc. 7 at ¶ IV.) Plaintiff seeks money damages and his release from prison. (Id. at ¶ V; Doc. 5 at ¶ V.)

III. Analysis

On October 30, 2009, Plaintiff was ordered to amend his complaint "by completing a second civil rights complaint form in which he should provide the

4

name of the prison where each Defendant is employed and which acts or omissions each Defendant allegedly made that support his claim that they failed to provide adequate health care." (Doc. 5 at 2.) In neither of his amended complaints has Plaintiff provided the above information. In fact, his second amended complaint is a verbatim copy of his original complaint. (Doc. 1 and Doc. 7.)

According to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides" or in a "district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" Although Defendant Morgan likely resides within the United States District Court for the Northern District of Georgia, Atlanta Division, Plaintiff has not alleged any act or failure to act by Defendant Morgan which contributed to his medical condition. Therefore, this action cannot be maintained against Defendant Morgan. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." (Citation omitted)). Because Plaintiff failed to amend his

complaint as ordered, this Court is unable to determine where this action should have been brought.

Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For the reasons that follow, this Court concludes that dismissal of this action is appropriate regardless of whether venue lies in the Northern District of Georgia.

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need. The Supreme Court has previously held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). When the medical care received by a prisoner is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness[,]" a finding of deliberate indifference is appropriate. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

In order to establish deliberate indifference, a plaintiff must demonstrate that a "defendant actually knew of 'an excessive risk to inmate health or safety'

6

and disregarded that risk." Campbell v. Sikes, 169 F.3d 1353, 1364 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." Whitley v. Albers, 475 U.S. 312, 319 (1986).

While Plaintiff alleges that Defendants were indifferent to his serious medical need, he has not alleged any fact which, if proven, would support that conclusion. For example, Plaintiff does not attempt to explain the reason scheduled appointments were allegedly missed. As previously noted, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state an actionable claim. See Iqball, __ U.S. at __, 129 S. Ct. at 1949.

Plaintiff complains that frequent traveling "exasperated" his condition, and the traveling was caused by inadequate medical facilities at Rogers State Prison and Augusta State Medical Prison. Plaintiff does not explain how merely traveling would worsen a cancerous lesion on his tongue. Plaintiff also fails to explain how Defendants would have had the authority to order the Georgia Department of Corrections to provide cancer treatment within its prisons. Perhaps

7

most importantly, this Court has been unable to locate any authority for the proposition that prisons should provide cancer treatment within their walls. See e.g. Dillard v. Washington, Case No. 96-C-698, 1998 WL 142360, *5 (N.D. Ill. Mar. 20, 1998) ("the question of whether cancer-screening clinics should be established [in prisons] 'is a classic example of a matter for medical judgment.'" (quoting Estelle, 429 U.S. at 107)) (unpublished opinion).

Plaintiff also alleges that he has had personal property lost or stolen while traveling to different facilities. Again, Plaintiff has failed to allege facts indicating Defendants are responsible for the loss of his property. Even if Plaintiff had named an individual who was arguably responsible for his property loss, "the Due Process Clause is simply not implicated by a *negligent* act of [a state] official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (italics in original). Additionally, in Hudson v. Palmer, 468 U.S. 517, 533 (1984), the Supreme Court held that the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property, provided that the state makes available a meaningful post-deprivation remedy. Georgia provides at least two potential remedies which Plaintiff has apparently not pursued.

8

First, Georgia law provides a cause of action for injuries to property. See O.C.G.A. §§ 51-10-1 through 51-10-6; Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (finding no procedural due process violation because Georgia "has provided an adequate postdeprivation remedy" in O.C.G.A. § 51-10-1). Georgia also provides a Claims Advisory Board by which an individual may raise a claim against the state or any of its agencies. See O.C.G.A. §§ 28-5-80 through 28-5-86. Because Georgia provides Plaintiff with meaningful post-deprivation remedies, his alleged loss of personal property does not state a claim under § 1983.

As a final matter, Plaintiff asks this Court to order his release from prison. As indicated above, Plaintiff has not stated a viable claim under § 1983. Even if Plaintiff had raised an actionable cause of action, release from custody is not an available remedy in a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973).

IV. Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Docs. 1, 5 and 7] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Docs. 2 and 6] is **GRANTED**.

The Clerk of the Court is **DIRECTED** to **AMEND** the docket to reflect that Jacqueline L. Smallwood is named as a Defendant.

**IT IS SO ORDERED**, this ____ day of _____, 2010.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE